

FILED
U.S. DISTRICT COURT

2014 NOV 18  P 2: 14

DISTRICT OF UTAH

DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>JARED HANSEN, an Individual; KAREN BECKER, an Individual; KATINKAS USA, LLC, a Utah Limited Liability Company; and DOES 1-10, Inclusive,<br><br>    Defendants. | **~~[PROPOSED]~~ FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION, AGAINST DEFENDANTS AND DISMISSAL AS TO DEFENDANTS KAREN BECKER AND JARED HANSEN**<br><br>Civil No.: 2:13-cv-00777-BSJ<br><br>Hon. Bruce S. Jenkins |

The Court, pursuant to the Stipulation for Entry of Final Judgment, including Permanent Injunction, and Dismissal ("Stipulation"), by and between Plaintiff OTTER PRODUCTS, LLC ("Plaintiff"), Defendant KATINKAS USA, LLC ("Katinkas"), Defendant KAREN BECKER ("Becker"), and Defendant JARED HANSEN ("Hansen") (collectively, "Defendants") filed concurrently herewith, hereby ORDERS, ADJUDICATES and DECREES that a final Judgment,

1

**[~~PROPOSED~~] FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION, AND DISMISSAL**

including Permanent Injunction, and Dismissal shall be and hereby is entered against Defendants as follows:

1.  **FINAL JUDGMENT.**  Plaintiff is entitled to recover and Defendant Katinkas shall pay to Plaintiff the sum of Three Hundred Seven Thousand Dollars ($307,000.00) on Plaintiff's Complaint for Damages against Defendants.

2.  **PERMANENT INJUNCTION.**  Defendants and any person or entity acting in concert with, or at their direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") §1116(a) from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

a.  purchasing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise makes any use of, any of Plaintiff's intellectual properties, including but not limited to Plaintiff's OTTERBOX®, DEFENDER SERIES®, and COMMUTER® trademarks ("OTTERBOX® Intellectual Properties") or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any OTTERBOX® Intellectual Properties, whether such use is on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

b.  performing or allowing others employed by or representing them, or under their control, to perform any act or thing which is likely to injure Plaintiff, any OTTERBOX® Intellectual Properties, and/or Plaintiff's business reputation or goodwill, including making

2

disparaging, negative, or critical comments regarding Plaintiff or its products;

        c.      engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, copyright infringement, patent infringement or other act which would tend damage or injure Plaintiff; and/or

        d.      using any Internet domain name or website that includes any of Plaintiff's trademarks, copyrights, or patents, including but not limited to OTTERBOX®, DEFENDER SERIES®, and COMMUTER® marks and designs.

3.      To the extent not already provided, Defendants are ordered to deliver immediately for destruction all unauthorized products, including counterfeit cell phone cases using or comprised of OTTERBOX® Intellectual Properties, Plaintiff's OTTERBOX®, DEFENDER SERIES®, and COMMUTER® marks and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing, embodying, or comprised of any OTTERBOX® Intellectual Properties or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, to the extent such items remain in Defendants' possession, custody, or control.

4.      This Final Judgment, including Permanent Injunction, shall be deemed to have been served upon Defendants at the time of its execution by the Court and Plaintiff may take measures to enforce this Final Judgment against Katinkas within fourteen (14) days after its entry pursuant to Fed.R.Civ.P. 62(a).

5.      The Court finds there is no just reason for delay in entering this Final Judgment, including Permanent Injunction, against Defendants, and, pursuant to Fed.R.Civ.P. 54(a), the Court directs immediate entry of this Final Judgment, including Permanent Injunction, against Defendants.

[PROPOSED] FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION, AND DISMISSAL

6.     **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be

taken from this Final Judgment, including Permanent Injunction, and Plaintiff and Defendants

waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce

any violation of the terms of this Final Judgment, including Permanent Injunction, by

Defendants.

7.     **NO FEES AND COSTS.** Each party shall bear its/her/his own attorneys' fees

and costs incurred in this matter.

8.     **DISMISSAL.** Upon entry of this Final Judgment, including Permanent

Injunction, against Defendants the case shall be dismissed as to Defendants Becker and Hansen.


IT IS SO ORDERED, ADJUDICATED and DECREED this _8th_ day of November, 2014.

HON. BRUCE S. JENKINS
United States District Judge
District of Utah

4

[PROPOSED] FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION, AND
DISMISSAL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of November, 2014, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which automatically sends e-mail notification of such filing to all counsel who have entered an appearance in this action.

/s/ Marcus F. Chaney
Marcus F. Chaney